fee pd wrong amt sent

38

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON SMITH,
Plaintiff,

VS

JOHN CHRISTIANSEN(WARDEN)
LIBRARIAN BUGBEE
Sued in their official and/or personal capacity
Defendants

Case: 2:26-cv-13050
Assigned To : Michelson, Laurie J.
Referral Judge: Morris, Patricia T.
Assign. Date : 8/26/2026
Description: PRIS ASHTON SMTIH V JOHN CHISTIANSEN ET AL (SS)

Ashton Smith 619752
In Pro Se
St Louis Corr. Fac.
8585 N. Croswell Rd
St Louis MI 48880
djsmithe12@gmail.com

COMPLAINT AND JURY DEMAND

Plaintiff files this Complaint regarding an on going retaliatiory deprevation and with holding of legal supplies by SLF Warden and SLF Law Library

POOR QUALITY ORIGINAL

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1983. first. fourteenth, Eighth Amendment to the united states constitution. this court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331 (federal questions)

3. Declaratory and injunctive relief authorized by 28 U.S.C. §2201, & 2202 42 U.S.C. §1983, and §1989 and fed. R. Civ. P 57.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) Since a substantial part of the events or omissions giving rise to this claim arose in this district

## PARTIES

5. Plaintiff Ashton Smith (619752) is a 37 year old united States citizen who at all times mentioned herein

this complaint was a prisoner of the state of Michigan in the custody care and control of the Michigan Department of Corrections ("MDOC") Confined at the St Louis Correctional facility ("SLF") in St Louis Michigan 40000.

6. Defendant John Christiansen Warden (SLF) was at all times relevant hereto this complaint an employee of the Michigan Department of Corrections assigned to SLF and held the job title of Warden, acting at all times in the scope of that position... for money damages he is sued in his personal Capacity.

7. Defendant (unknown first name) Bugbee is at all times mentioned herein an employee of the MDOC assigned to the SLF where he held the job title of SLF Law

Librarian. He is sued in his personal capacity for money damages & for injunctive purposes he is sued in his offical capacity.

8. Each defendant at all times mentioned herein, acted pursuant to and under color of State law

PREVIOUS FILINGS

9. Plaintiff has on 8(eight) filed request for I.F.P. Status and has not accumulated any strikes.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has properly filed a Step 1 grievance conserning the issues set out herein.

11. Plaintiffs properly filed Step 1 grievance was improperly rejected

by the step I grievance coordinator.

12. Plaintiff, Mr Smith timely appealled the improper rejection through Step II and Step III of the MDOC Grievance process.

13. The improper rejection of Mr Smiths properly filed step I Grievances prevented proper exhaustion rendering the administrative process unavailable See: Attachment A: Step I & Step I rejections) Attachment B Step II Step II rejection ) (ATT. B Step III Rejection)

## BACKGROUND FACTS

14. The MDOC Policy Directive provides that prisoner are permitted to possess Legal Material needed to access the court i.e. Carbon paper for duplication, typing paper etc.

# FACTUAL ALLEGATIONS

15. On 4/25/26 Mr Smith was placed in a Segregation cell in unit 7 based on an involuntary Protective Custody order as SLF prison officials had substantiated that SLF Staff (including Def. Bugbee) may have tried to orchestrated a hit being executed on Smith in retaliation for grievances & civil rights complaints (ATT. D )

16. On or around / /26 in 7 unit Cell 121 Cell Side Mr Smith and Def Bugbee engaged in a conversation as follows:

17. Mr Smith requested that Def. Bugbee provide him legal material (carbon paper) and Bugbee responded " NO, Mr Smith. you do know you will always catch more bees with Honey

then you will with grievances & Complants. And I'm not doing you any favors.

18. Mr Smith responded that "Im not asking for any favors Policy requires you to provide me with carbon paper to access the court. If you violate my rights I will haul you into court."

19. "Good thing my degree is in Library science and not Constitutional law So I interpret law and policy from an ignorance is bliss prospective. You will not get any Carbon paper", Bugbee Replied

20. Mr Smith told Bugbee that he will grieve this an elevate this issue up the chain of command.

21. Bugbee replied "Oh yeah good luck getting my friends to help you.

22. Def. Bugbee did fail and refuse to provide me with Carbon paper due to the grievances I previously filed on him. (ATT. E )

23. Mr Smith met with multiple Staff members cell side, showing them the applicable policy that require him be provided with Carbon paper to access the courts including Sgt Kabat, P.C. Covington.

24. Bugbee Continued refuse to provided Smith with Carbon paper from 4- -26 through the date of filing this complaint.

25. Mr Smith in April, may and June of 2026 Sent kites to

Warden Christiansen informing that "bugbee is withholding Carbon paper legal supplies in retaliation for grievances will you bring me Carbon paper so I can do my legal work and make my dead lines"

26. Warden Christiansen failed to respond to any of Smiths kites

27. Warden Tanner was aware that Smith was in need of legal supplies, that policy requires/permitted Smith to be given legal supplies, that Bugbee was improperly depriving Smith of carbon paper and that he had a duty to provide materials for Smith to access the court Yet. Christiansen ignored his duties to provide Smith legal supplies

28. The MDOC has procedures in place (i.e. writing of restriction, disciplinary reports & hearings) that must be undertaken in order for the MDOC Defendant to enforce a carbon paper restriction. However, the Defendent failed to ensure that procedural safeguard was followed prior to arbitrary placing Mr Smith on an unofficial carbon paper restriction

29. Defendants Christiansen nor Bugbee has discretion to withhold or deprive Mr Smith of Carbon paper as punishment for engaging in the grievance process. And there exist absolutly no ligitimate penological reason to withhold-deprive Mr Smith of legal materials (ie Carbon paper.)

30. MDOC officials / defendants does not deprive / withhold legal

supplies (i.e. carbon paper) from level 4 prisoners pending transfer for involuntary protective custody purposes.

31. On or around 5/ /26, at cell 121. Smith stated to Bugbee "You're refusing to provide me with carbon paper which is forcing me hand copy hundreds of pages of court pleadings which is aggravating my Carpal Tunnel Syndrome-causing increasing extreme pain & locking fingers and wrist.

32. Defendant Bugbee replied "I'm a Librarian, Not a Medical Provider, So I Cant prescribe you carbon paper smart guy" "Nice try".

33. Smith has a diagnosis of Carpal Tunnel which is aggravated by excessive writting resulting in extreme pain, locking stiffening fingers and wrist cramping.

34. As treatment, Smith wears cock up Splints and under go physical theropy exercise to treat extreme pain, stiffness caused by over use of his hand during writing as a direct result of Bugbee & Christiansen unlawful refusal to provide carbon paper.

35. Bugbee and christiansen will fully chose to with hold carbon dispite knowledge of Smiths increased pain and suffering from aggravation of his carpul Tunnel would occur.

36. As a direct and proximate result of Defendants actions, unlawful actions. Mr Smith sustained, will continue to sustain into the future. and damages including but not limited to the following

a. violations of rights guaranteed by

f

first, fourteenth and Eighth Amendments to the united States Constitution;

b. Economic damages, including future medical expences, income, earning opprotunity, earning potential

c. Non-economic damages ~~including~~ including but not limited to injunctive relief, trauma emotional distress and Suffering,

d. Attorney fees paid by defendants seperate from damages awarded by jury;

e All other damages awarded by jury, revealed or discovered in the course of this action

f. Punitive, Compensatory, damages etc

## COUNT I

## VIOLATIONS OF PLAINTIFFS FIRST AMENDMENT RIGTH TO BE FREE FROM GOVERNMENTAL RETALIATION 42 U.S.C. § 1983

37. Mr Smith incorporates paragraphs #1 through #35 as fully Set forth here.

38. Defendant Bugbee at all times mentioned herein acted with malicious hatred and intent to punish -deter Mr Smith from continuing to engage in his first Amendment Right Guarenteed by the United States Constitution.

39. Mr Smith at all time mentioned herein enjoyed the first Amendment

right to engage in protected Conduct i.e litigation, lawsuits & grievances. and to be free from adverse governmental action.

40. Following Mr Smith engagment in the MDOC Grievance process Defendant Bugbee acted adversly by withholding legal Supplies (i.e Carbon paper from Mr Smith to punish & deter Mr Smith from Continuing to engage in Said protected Conduct. Which violates the first Amendment to the U.S. Constitution.

41. Defendant Chrisiansen, knew of Defendant Bugbees unlawful retaliation yet passively allowed, engaged, aquiesesed in and tolerated therefore engaged in the act of depriving Mr Smith of his first

Amendment right to be free from adverse government action for his protected Conduct.

COUNT II

VIOLATION OF PLAINTIFFS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS

( 42 U.S.C. §1983 )

42. Mr Smith incorporates paragraphs #1 through #42 as fully Set forth herein.

43. The Defendants, Both of them violated Mr Smiths Clearly established right to Substantive and procedural Due Process - said rights being Secured by the fourteenth Amendment to the United States Constitution

44. Defendants, Both of them, infringed on Mr Smith's State created liberity interest - liberity interest without legal authority or exercution of the procedural process protections.

45. Defendants, Both of them denied Mr Smith legal Supplies i.e Carbon paper necessary for duplication of hand written legal pleadings - which forced Smith to manually duplicate documents therefore subjecting Mr Smith conditions of extreme pain from aggravation of pre existing Medical conditions causing mental Anguish.

46. Defendants, neither of them gave Mr Smith notice, hearing nor nor meaning ful opportunity to be

to be heard prior to these extreme depreviation of liberity.

47. Defendants actions were the actual or proximate cause of Mr Smiths Due Process violation. Defendant Bugbee acted intentionally and by permission - expressed or implied - of his Warden Defendant Christiansen, which their actions are contrary to MDOC Policys and procedures.

48. Mr Smith Sustained damages as a direct result of the Defendants Violations of his rights.

COUNT III

VIOLATION OF PLAINTIFFS EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT (42 USC §1983)

49. Mr Smith incorporates paragraphs #1 through #48 as fully set forth herein.

50. At at time relevent hereto Mr Smith enioyed the clearly established right to be free from cruel and unusual Punishment — Said right being Secured by the Eighth Amendment to the United States constitution. (That is; Deliberate Indifference)

51. The Defendants, Both of them had knowledge ~~that~~ excessive use of Smiths hand exaggervated Mr Smiths diagnosed Carpel Tunnel Syndrome resulting in extreme shooting pain, Stiffness Cramping etc. But disregarded Smiths pain & Suffering by failing /refusing to issue carbon paper

52. Defendant, Both of them, acted with deliberate indifference, Willful Callous recklessness when disregarding Smiths need for carbon paper as his right hand experienced increasingly worsening symptoms when Defendants actions forced hand duplications of pleadings in Smith v. Hrywnak 2:25-cv-12655 BRM-DRG, Smith v. Tipa, etal 2:25-cv-10118-MAG-DRG, this action and Smith v. Bunn etal No 2:25-cv-379-JMB-DRG.

53. Defendants, Both of them was the actual or proximate cause of of Smiths injuries and Christiansen tolerated, allowed & condoned the Violations of Smiths rights as Mr Smith sustained damages as a direct result of Def.s Violation

PRAYER FOR RELIEF

54. WHEREFORE THIS HONORABLE COURT SHOULD enter the following orders and relief

a. injunction ordering Bugbee Provide supplies.

b. Comensetory damages in the amount of $ 200.000.00 (Two hundred Thousand Dollars) per defendant);

c. Punitive damages in the amount of $500.000.00 (Five Hundred Thousand Dollars) per defendant;

d. Mental and Emotion damage in the amout of $ 500.000.00 (five Hundred Thousand Dollars per defendant;

e. Jury trial on all issues.

f. Attorney fees paid by defendants seperate from damages awarded by jury;

g. Any and All relief that this Court deems just & fair;

Kindly Submitted
Ashton Smith
Ashton Smith 619252
In Pro Se
(SLF) 8585 N. Croswell Rd
St Louis MI 48880

August 15 2026

VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct.

Ashton Smith

8/15/26 Ashton Smith 619251

UNITED STATES DISTRICT COURT
EASTERN DISTRICT of MICHIGAN
SOUTHERN DIVISION

ASHTON SMITH.,
Plaintiff,
V.S.
JOHN CHRISTIANSEN. et al,
Defendants.

NO. ______
HON. ______

INDEX OF ATTACHED EXHIBITS

| ATT.EX. | DESCRIPTION |
| --- | --- |
| ATT. A | SLF-26-05-1238-27B; Step I / Rejection, et al. |
| ATT. B | SLF-26-05-1238-27B; Step II Rejection, et al, |
| ATT. C | SLF-26-05-1238-27B; Step III appeals, et al, |
| ~~ATT. D~~ | @ |
| ~~ATT. E~~ | ~~/ 126 Grievance on Bughel~~ @ |
| ~~ATT. F~~ | @ |
| ~~ATT. G~~ | @ |

Kindly Submitted
[signature]
August 18, 2026
A. Smith 616736
In Pro Se
SLF 10585 N. Creswell Rd
St. Louis, MI 48880

# Ex. A

SLF-26-05-1238-27B

SLF-26-05-1313-27B

Step1's, Step1 rejections

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I 5/26/2026 Grievance Identifier: SLF-26-05-1238-27B

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Ashton Smith | 619752 | SLF | 7-121 | 5/6/26 | 5/12/26 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 5/8/26
If none, explain why. between 8am 5pm from 7-121 via kite to Bugsbe Saying "this is my attemp to resolve this issue, Bring my Carbon paper" (see: kite) Bugsbe did not respond

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. Law Librarian Bugsbe. In retaliation for Grievance (see: SLF-26-06-0965-28i). Has refused to provide Grievant with Legal Supplies as punishment. Specifically on 5/6/26 between 10am-2pm 7-121 Cell side Grievant stated "I need Carbon Paper, pens and copy paper in order to ~~meet~~ my dead lines in court" The Grieved (Bugsbe) replied "I'm not giving you Carbon Paper. You will have to manually hand copy it, better get started." In violation of PD03.02.130(R), PD04.05.120(N)(15) PD03.03.115 Dept. Work Rule No1

Ashton Smith
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

No ... provided by due date. Step I ... incomplete

**See Attached Response**

Respondent's Signature 5/26/2026 Date Reviewer's Signature Date

K PARSONS CRR/GC N. WHITE A/ADW
Respondent's Name (Print) Working Title Reviewer's Name (Print) Working Title

Date Returned to Grievant: 5/29/26

If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ____________ Grievance Identifier: ____________

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Anton Smith | 614752 | SLF | 7-121 | 5/19/26 | 5/22/26 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 5/20/26
If none, explain why. From 7-121 via kite to Bugbee stating "attempting to resolve retaliatory withholding of legal supplies" (see kite) Bugbee failed to respond to grievant's kite.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. Law Librarian Bugbee; in retaliation for grievance filed on him (see: SLF-26-04-0965-28I) Bugbee is denying legal supplies to grievant (that is carbon paper, copy paper, see pens, envelopes) specifically, on 5/19/26 between 10am-2pm 7-121 cellside grievant stated "I need carbon paper, copy paper, envelopes, and pens, case law PD permits legal supplies for accessing the courts". The grieved Bugbee replied "No, I'm not giving you any carbon paper or cases. You can copy by hand." This issue is ongoing and violates 1st Amendment Retaliation [illegible]

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature ____ Date ____ Reviewer's Signature ____ Date ____

Respondent's Name (Print) ____ Working Title ____ Reviewer's Name (Print) ____ Working Title ____

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **5/28/2026**

**TO:** **SMITH** **619752** **LOCATION:** **SLF** **7121**

**FROM:** **Grievance Coordinator: CRR K. PARSONS**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **policy/procedure departme**
was received in this office on **5/28/2026** and was rejected due to the following reason:
**Your grievance is being returned to you without processing for the reason that you are in violation of PD 03.02.130. This policy states that the content of policy and procedures are non-grievable.**

**Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement that personally affect the grievant, including alleged violations of this policy and related procedures. This grievance is REJECTED at STEP I as it contains NO policy violation. REFER TO PD 04.05.120 SEGREGATION STANDARDS**

Any future references to this grievance should utilize this identifier: **SLF / 2026 / 05 / 1313 / 27B**

# EX. B

SLF-26-05-1238-27B
SLF-26-05-1313-27B

Step II Rejections

# MICHIGAN DEPARTMENT OF CORRECTIONS

***"Committed to Protect, Dedicated to Success"***

## MEMORANDUM

| | |
|---|---|
| **DATE:** | June 16, 2026 |
| **TO:** | **Ashton Smith #619752, 7-125** |
| **FROM:** | John Christiansen, Warden<br>St. Louis Correctional Facility |
| **SUBJECT:** | **Step II Grievance Response**<br>**Grievance #SLF-26-05-1238-27B**<br>**RE: Ashton Smith #619752** |

The Step I rejection has been received by the Warden's Office in accordance with PD 03.02.130, *"Prisoner/Parolee Grievances"* and the **REJECTION IS UPHELD AT STEP II**.

| John Christiansen, Warden | [signature] | 6/16/26 |
|---|---|---|
| **Respondent's Name (Print)** | **Respondent's Signature** | **Date** |

# MICHIGAN DEPARTMENT OF CORRECTIONS

***"Committed to Protect, Dedicated to Success"***

## MEMORANDUM

**DATE:** June 16, 2026

**TO:** **Ashton Smith #619752, 7-125**

**FROM:** John Christiansen, Warden
St. Louis Correctional Facility

**SUBJECT:** **Step II Grievance Response**
**Grievance #SLF-26-05-1313-27B**
**RE: Ashton Smith #619752**

The Step I rejection has been received by the Warden's Office in accordance with PD 03.02.130, *"Prisoner/Parolee Grievances"* and the **REJECTION IS UPHELD AT STEP II**.

| John Christiansen, Warden | [signature] | 6/16/26 |
|---|---|---|
| **Respondent's Name (Print)** | **Respondent's Signature** | **Date** |

( EX. C )

SLF-26-05-1238-27-B
SLF-26-05-1313-27 B

Step II Appeals
Step III Appeals

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 6/16/26

Grievance Identifier: SLF-26-05-1238-27B

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

a Step I all relevant forms attached

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: SLF WARDEN'S OFFICE by 6/23/2026. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

@ Step III all relevant forms attache 6-22-26

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 619752 | SLF | 7125D | 5/6/26 | 6/11/26 |

**STEP II** — Reason for Appeal Reason for rejection incorrect. Sec PD03.02.130.R "Retaliation against prisoner for filing grievances is prohibited" Sec PD 04.05.120AA "Shall be provided with or allowed PD04.05.120AA (14) "Legal property including material pertaining to the prisoners personal litigation." Injunctive and declaratory ruling will be sought per Admin Rule 791.1 et al

**STEP II** — Response

Date Received by Step II Respondent: 6/16/26

See Attached Response

J. Christiansen, Warden — [signature] — 6/16/26

Respondent's Name (Print) | Respondent's Signature | Date

Date Returned to Grievant: 6/17/26

**STEP III** — Reason for Appeal Step 1 & Step 2 response runs a foul to MDOC PP 0203130 (R), PD 0905120 AA (14) (12). These issues must be considered b/c Step 1 respondent inappropriately rejected it 6-22-26

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 6/16/26

Grievance Identifier: **SLF-26-05-1313-27B**

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

at Step II all relevant Documents Attached

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: **SLF WARDEN'S OFFICE** by **6/23/2026**. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

at Step III all relevant forms att. 6-22-26

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SMITH | 619752 | SLF | 7125D | 5/19/26 | 6/11/26 |

**STEP II** — Reason for Appeal Reason for rejection is incorrect Specifically PD 0 .0 .120 AA(14) " Legal Property, including materials pertaining to litigation" PD04.05 120 AA(14) "Shall be allowed" (AA) (14) PD 03.02.130 (R) Retaliation against prisoners for filing grievances is prohibited" Step I incorporated herein

**STEP II** — Response

Date Received by Step II Respondent: 6/16/26

See Attached Response

J. Christiansen, Warden — Respondent's Name (Print)

[signature] — Respondent's Signature

6/16/26 — Date

Date Returned to Grievant: 6/17/26

**STEP III** — Reason for Appeal Step I Step II Respondent got it wrong. And those rejections runs a foul to PD 03 02 130 (R). There is a Policy violation here See PD 04.05.120 Carbon Paper is allowed in seg 6-22-26

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHTON SMITH,<br>Plaintiff,<br>VS<br>JOHN CHRISTIANSEN.,<br>LIBRARIAN BUGBEE.,<br>In their personal and/or Official Capacity<br>Defendants. | CASE NO. ________<br>HON. ________<br><br>SUMMONS |

TO: Librarian Bugbee St Louis Correctional Facility 8585 N. Croswell Rd. St Louis MI 48880

A lawsuit has been filed against you. Within 21 (twenty one) days after service of this Summons on you (not including the day you received it) you must serve on the plaintiff an answer to the attached complaint or ~~to the~~ a motion under Rule 12 Fed. R. Civ. P. The answer or motion must be served

on the Plaintiff Ashton Smith #619752 at SLF 8585 N. Croswell Rd. St Louis MI 48880. If you fail to do so, judgment by default will be entered against you for the relief demanded within the complaint. You must also file your motion or answer with the court

Dated this ________ day of ________ 2026.

______________________

Clerk of the court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHTON SMITH,<br>Plaintiff,<br>VS<br>JOHN CHRISTIANSEN.,<br>LIBRARIAN BUGBEE.,<br>In their personal and/or Official capacity<br>Defendants. | CASE NO. ____________<br>HON. ____________<br><br>SUMMONS |

TO: John Christiansen St Louis correctional facility 8585 N. Croswell Rd. St Louis MI 48880

A lawsuit has been filed against you. Within 21(twenty one) days after service of this Summons on you (not including the day you received it) you must serve on the plaintiff an answer to the attached complaint or ~~to the~~ a motion under Rule 12 Fed. R. Civ. P. The answer or motion must be served

on the Plaintiff Ashton Smith #619752 at SLF 8585 N. Croswell Rd. St Louis MI 48880. If you fail to do so, judgment by default will be entered against you for the relief demanded within the complaint. You must also file your motion or answer with the court

Dated this ________ day of ________ 2026.

______________________

Clerk of the court

SUMMONS 2 of 2

Ashton Smith 619752
St Louis Corr Fac
8585 N Croswell Rd
Detroit MI 48880

RECEIVED
AUG 26 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 48880 $ 004.93⁰
02 7W
0006331587 AUG 19 2026

Case: 2:26−cv−13050
Assigned To : Michelson, Laurie J.
Referral Judge: Morris, Patricia T.
Assign. Date : 8/26/2026
Description: PRIS ASHTON SMTIH V
JOHN CHISTIANSEN ET AL (SS)

U.S. MARSHAL

Clerk of the US District Court
231 W. Lafayette Blvd
Det. MI 48226

Legal Mail